## State of Vermont v. Leonard Sheppard

[582 A.2d 116]

No. 88-568

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed August 10, 1990

*Robert M. Butterfield,* Caledonia County Deputy State's Attorney, St. Johnsbury, for Plaintiff-Appellee.

*Walter M. Morris, Jr.,* Defender General, and *Henry Hinton,* Appellate Defender, Montpelier, and *Mary T. Rogan,* Public Defender, St. Johnsbury, for Defendant-Appellant.

**Gibson, J.** Defendant appeals from the district court's denial of his motion for a new trial on the ground of juror bias. We affirm.

I.

■ On August 30, 1988, a jury convicted defendant of operating a motor vehicle while under the influence of intoxicating liquor (DUI). At the commencement of the sentencing hearing conducted on September 22 to determine whether he had been previously convicted of DUI,* defendant moved for a new trial, claiming juror bias. In support of his motion, defendant submitted an affidavit of a third person stating that, prior to voir dire, one of the persons who was to be a juror in the case had said, "you know, these poor people live like animals." The affidavit also stated that, following voir dire, the same juror had said that the trial "was not going to take that long because the person had the Public Defender." The State contended that the motion was untimely, as it was not made within ten days of the verdict, as required by V.R.Cr.P. 33. With defendant's agreement, the court postponed a decision on the motion and proceeded to sentencing, imposing a nine-to-twelve-months sentence, all suspended except for three days to serve, with terms of probation requiring alcohol treatment and counseling. The sentence was stayed pending the court's ruling on the motion for a new trial.

Following the parties' submission of memoranda on the motion, the court ruled that defendant's claim of potential juror bias did not constitute "newly discovered evidence" and, since it had not been filed within ten days of the verdict, was not timely filed under V.R.Cr.P. 33. Further, the court determined that defendant had a remedy under the post-conviction relief statutes, 13 V.S.A. §§ 7131–7137. The court entered a judgment of guilty and stayed the incarceration, but not the probationary portion of the sentence, pending appeal.

On appeal, defendant contends that (1) evidence of juror bias does constitute "newly discovered evidence" under V.R.Cr.P. 33, and therefore, his motion for a new trial was timely filed;

---

* Although it may not be clear until sentencing whether the DUI conviction is for a first, second or subsequent conviction, see State v. Cameron, 126 Vt. 244, 249–50, 227 A.2d 276, 279–80 (1967), for purposes of V.R.Cr.P. 33, the time for filing a motion for new trial begins to run from the date of the verdict, not the date of sentencing.

and (2) the trial court abused its discretion in violation of his constitutional right to a fair and impartial jury by not granting him a new trial.

## II.

Defendant argues that evidence of juror bias is "newly discovered evidence" under V.R.Cr.P. 33, and may thus be the basis of a motion for a new trial at any time within two years after final judgment. We disagree.

V.R.Cr.P. 33 provides:

> The court on motion of a defendant may grant a new trial to him if required in the interests of justice. . . . A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment . . . . A motion for a new trial based on any other grounds shall be made within 10 days after verdict or finding of guilty or within such further time as the court may fix during the 10-day period.

Motions for new trial on the ground of newly discovered evidence are not favored by the courts and are viewed with great caution; courts are properly reluctant to grant a second trial once a defendant has had his or her day in court and been fairly tried. 3 C. Wright, Federal Practice and Procedure: Criminal § 557, at 315 (2d ed. 1982); see *State v. Jackson*, 126 Vt. 250, 252, 227 A.2d 280, 282 (1967). For this reason, rather exacting standards have been developed for motions of this kind.

The generally accepted criteria for determining whether evidence is "newly discovered" require that the evidence must (1) be material and discovered after the trial, (2) be truly new and not undiscovered merely through a lack of diligence, (3) give reasonable assurance that it will lead to a different result upon retrial, and (4) not be merely cumulative or of impeaching effect. *State v. Jewell*, 150 Vt. 281, 285, 552 A.2d 790, 790–91 (1988); *State v. Jackson*, 126 Vt. at 252, 227 A.2d at 282; see 3 C. Wright, *supra*, at 315. When new evidence bears on the substance of the State's cause or the accused's defense, that evidence can be examined in the context of the evidence already

presented; consequently, the trial court can determine, among other things, whether the evidence would be likely to change the verdict, whether it is material, and whether it is cumulative. On the other hand, evidence of potential juror bias does not meet those criteria: it is not material to the merits of the accused's innocence or guilt, nor can the trial court determine from such evidence whether a different result would likely follow if a new trial were granted.

An indication that juror bias or misconduct is not normally considered "newly discovered evidence" in Vermont is contained in the Reporter's Notes to Rule 33, which clearly imply that juror bias is not "newly discovered evidence," but rather, a separate basis for a new trial. The Reporter's Notes list the "grounds for a new trial motion [as] those recognized by prior law: misconduct affecting the jury; misconduct of counsel or the court; newly discovered evidence; and generally any error that would lead to reversal on appeal, such as . . . objections to jurors." As indicated in the Reporter's Notes, the shorter period for new trial motions based on grounds other than "newly discovered evidence" "is reasonable in light of the availability of the [post-conviction relief] petition for review under 13 V.S.A. §§ 7131–7137." See *In re Bentley*, 144 Vt. 404, 409, 477 A.2d 980, 983 (1984) ("post-conviction relief proceedings do not address the guilt or innocence of the defendant, but the fairness of the proceedings").

We recognize that some federal courts have treated evidence of jury misconduct as "newly discovered evidence." See, e.g., *United States v. Jones*, 597 F.2d 485, 488 (5th Cir. 1979) (evidence of bribe offer to juror considered "newly discovered evidence" although court noted that the evidence "goes to the fairness of the trial rather than to the usual question of guilt or innocence"); *Holmes v. United States*, 284 F.2d 716, 719 (4th Cir. 1960) (evidence of improper communication by court official to members of jury considered "newly discovered evidence"; court felt five-day limitations period of the rule to be unreasonable as applied to this kind of evidence); *United States v. Wander*, 465 F. Supp. 1013, 1020 (W.D. Pa. 1979) (evidence that juror concealed information during voir dire considered "newly

discovered evidence"). Nevertheless, we agree with the Supreme Judicial Court of Maine that "the kind of evidence contemplated by [Rule 33] is solely that which bears on the guilt or innocence of the accused" and that evidence of juror bias or misconduct is not "newly discovered evidence" since it "does not concern the substance of the state's case or the accused's defense." *State v. Gatcomb*, 478 A.2d 1129, 1130 (Me. 1984).

In an analogous situation, the Second Circuit Court of Appeals concluded that evidence of prosecutorial misconduct or ineffective assistance of counsel does not constitute "newly discovered evidence." See *United States v. Dukes*, 727 F.2d 34, 38–39 (2d Cir. 1984); see also *State v. Clements*, 431 A.2d 67, 69 (Me. 1981) (evidence of ineffective assistance of counsel cannot qualify as "newly discovered evidence" because "it is not 'evidence' at all that could be presented to a jury as having relevance to the innocence or guilt of defendant"). Pointing out that the evidence cited did not go to defendant's innocence or guilt and that defendant had another remedy, the court in *Dukes* stated that the practical difficulties of defendants seeking a new trial based on claims of ineffective assistance of counsel did not permit it to "'corrupt the clear language of Rule 33.'" 727 F.2d at 39 (quoting *United States v. Ellison*, 557 F.2d 128, 133 (7th Cir.), *cert. denied*, 434 U.S. 965 (1977)). We conclude that the same rationale must apply to new trial motions based on evidence of juror bias.

## III.

Defendant also argues that the trial court abused its discretion by not granting him a new trial since, on the evidence presented, "the interests of justice" required a new trial. Because of the jurisdictional limitations of the rule, however, we disagree. Rule 33 gives the court the discretion to grant a new trial to a defendant if required in the interest of justice, "subject to the time limitations" provided in the rule. 3 C. Wright, *supra*, § 551, at 236. The time limits in Rule 33 are jurisdictional; if a motion is not timely filed, the trial court lacks the power to consider it. *United States v. Vanterpool*, 377 F.2d 32, 35 (2d Cir. 1967); see also *Dukes*, 727 F.2d at 38 (citing *Vanter-*

*pool*). Defendant's motion was not filed within ten days of the verdict. Therefore, the court did not abuse its discretion by refusing to grant a new trial to defendant; rather, it properly directed him to the post-conviction relief statute as an available remedy.

*Affirmed.*