**STATE of Vermont v. Bruce COHEN**

[599 A.2d 330]

No. 87-329

July 8, 1991. Defendant appeals from a jury conviction for possession and cultivation of marijuana. He claims that plain error occurred when (1) the trial court failed to provide curative instructions sua sponte after the prosecutor's improper closing argument; (2) the prosecutor presented an improper theory of the case during rebuttal; (3) the trial court denied his motion for a new trial; and (4) the trial court gave inadequate jury instructions relating to reasonable doubt. He also contends that he was denied due process during the sentencing hearing because he was not given timely notice of the State's intent to present a witness. We affirm.

I.

Defendant's first argument is that the prosecutor's argument was improper and that, although he failed to make any objection to the challenged language at trial, the trial court should have taken action sua sponte. In an effort to bolster his claim, he makes separate claims about various statements of the prosecutor and argues that cumulatively, if not individ-

ually, they deprived him of a fair trial.*

We noted in *State v. Francis*, 151 Vt. 296, 300, 561 A.2d 392, 395 (1989), that the question of the propriety of an attorney's argument should be addressed to the discretion of the trial court. This is because the trial court, which has observed the entire trial and the demeanor of the attorneys, can better gauge the impact of the allegedly prejudicial language than an appellate court reviewing a cold record. Moreover, an objection permits the court to take corrective action where appropriate. But where a defendant has not objected to allegedly improper language, the trial court is deprived of an opportunity to correct and we are deprived of the trial court's views on the question.

Failure to enforce defense counsel's obligation to object to mistakes at trial would have the unsalutary effect of encouraging attorneys "'to remain silent about some fault on the part of the trial court . . . and so, without giving it a chance to correct the situation, arm themselves with ground for reversal if the verdict should go against them.'" *State v. Ross*, 152 Vt. 462, 470, 568 A.2d 335, 340 (1989) (quoting *State v. Kasper*, 137 Vt. 184, 190–91, 404 A.2d 85, 89 (1979)). Because attorneys should not profit from a failure to object, reversal is warranted, in the absence of an objection, only where necessary to prevent a miscarriage of justice or a gross violation of a party's constitutional rights. *State v. Ayers*, 148 Vt. 421, 426, 535 A.2d 330, 333 (1987). Thus, when the alleged error consists of an improper argument, plain error will be found only if the argument is so egregious that there is no room for doubt as to its prejudicial effect and this Court is convinced that affirmance would result in a miscarriage of justice.

At trial, defense counsel made no objection to any of the language he challenges on appeal. We are unable to determine whether this silence was strategic or otherwise. But our policy of encouraging objections is not served by relaxing our strict plain error policy, merely because instead of failing to object to one alleged error at trial, defense counsel failed to object to all. Thus, although we disapprove of several of the prosecutor's arguments, we conclude that reversal is not warranted here. See *Francis*, 151 Vt. at 301, 561 A.2d at 395 ("plain error is rarely found in a prosecutor's argument to the jury 'even where we have condemned the argument'") (quoting *Ayers*, 148 Vt. at 426, 535 A.2d at 333). Some of the prosecutor's comments had some basis in the evidence; cf. *State v. Gates*, 141 Vt. 562, 570, 451 A.2d 1084, 1088 (1982) (no evidence to support prosecutor's suggestion that alibi witness's testimony was coached by defendant during breaks at trial); the case did not turn entirely on the credibility of the witnesses since the evidence also included a bare marijuana patch and a large number of freshly cut marijuana plants in the proximity of defendant's home, and an unusual assortment of loaded weapons in his home, cf. *id.* at 564, 451 A.2d at 1085 (State's only evi-

---

* Defendant includes in a list of additional errors "for the Court's consideration of their additional cumulative effect on appellant's right to a fair trial" a claim that the court should have granted his motion in limine to exclude evidence of the land dispute involving Mullein Hill Corporation. But his brief discussion of the issue does not demonstrate that the trial court abused its broad discretion in making the evidentiary ruling. See *State v. Callahan*, 155 Vt. 571, 577, 587 A.2d 970, 973–74 (1991).

dence consisted of testimony of the accomplice, who admitted she had "ingested twelve sixteen-ounce bottles of beer, seven rum and cokes, two Black Russians, cocaine, speed, and marijuana"); *Ayers*, 148 Vt. at 426, 535 A.2d at 333 (State's case consisted primarily of testimony of defendant's wife and daughter); and defendant was represented by counsel, cf. *id.* at 426, 535 A.2d at 334 (defendant appeared pro se). Given these facts, and given the scrupulously fair jury instructions of the trial court, we cannot conclude that, in light of the improper arguments, defendant's conviction was a miscarriage of justice.

## II.

Defendant's second argument is that plain error occurred when the State made a *Barr-Orlandi* argument during rebuttal. See *State v. Barr*, 126 Vt. 112, 122, 223 A.2d 462, 469–70 (1966); *State v. Orlandi*, 106 Vt. 165, 171, 170 A. 908, 910 (1934). Defendant claims that because the trial court specifically ruled there was insufficient evidence to charge the jury on a *Barr-Orlandi* theory at conference, it should have taken corrective action sua sponte.

We do not believe that the State's argument misled the jury. The trial court's charge underscored that the jury must apply the law as set out in the instructions and that it would be a violation of its sworn duty to "base a verdict upon any other view of the law than that given in the instructions of the Court." It then adequately explained the elements of cultivation and stressed that defendant could not be convicted of cultivation just because the marijuana was cultivated on his land. To the extent the State's argument was misleading, it was corrected by the court's charge. There was no plain error warranting reversal.

## III.

Defendant's third argument is that the trial court erred in denying his motion for a new trial. V.R.Cr.P. 33. Because defendant's motion was not filed within ten days of the verdict, the trial court had no jurisdiction to consider it. See *State v. Sheppard*, 155 Vt. 73, 77–78, 582 A.2d 116, 119 (1990). Although the trial court should not have considered the motion at all, denial of the motion was not error.

## IV.

Defendant claims that the trial court's reasonable doubt instruction included language we have disapproved of in other cases, and was therefore erroneous. See *State v. Giroux*, 151 Vt. 361, 365, 561 A.2d 403, 406 (1989). Our decision in *Giroux* turned, in large part, on the implication made in the court's instruction, that the reasonable doubt standard requires no more than determining "the truth or falsity of the charge, to convict if it is true, acquit if it is false." *Id.* No such implication was made here. Rather, the trial court explained that a reasonable doubt is a doubt "which arises from consideration of all the evidence in a fair and reasonable way" and that a reasonable doubt exists if "after consideration of all the evidence" the jury cannot say it is satisfied that defendant is guilty. The instruction given did not foreclose a reasonable doubt arising from a lack of evidence. It was fair, although we now encourage use of language explicitly stating that a reasonable doubt may spring from a lack of evidence.

## V.

Defendant's final argument is that he was not given adequate notice of the State's intention to call a witness

for sentencing. At the time of sentencing, V.R.Cr.P. 32(c)(3) required that the presentence investigation report be made available to defendant at least seven days prior to sentencing and that any other information considered by the court at sentencing be "disclosed sufficiently prior to the imposition of sentence as to afford reasonable opportunity for the parties to decide what information, if any, the parties intend to controvert by the production of evidence." Counsel for defendant was alerted of the State's intention to call a witness at sentencing at least six days prior to sentencing, although he was informed of the substance of the testimony that would be presented only four days in advance. Counsel did nothing until the day of sentencing. At that time, the trial court allowed him to depose the witness for over half an hour because counsel stated that he had been unable to contact the witness due to lack of time. Counsel for defendant amply cross-examined the witness, and defendant testified that the witness's statement was false. Defendant was afforded a reasonable opportunity to decide what information he intended to controvert. See *United States v. King*, 695 F. Supp. 1325, 1327 (D. Mass. 1988) (defendant was afforded sufficient time to review the presentencing report where the report was given to his attorney two days before sentencing); *State v. Cote*, 129 N.H. 358, 372, 530 A.2d 775, 783 (1987) (defendant was given a fair opportunity to rebut a probation report where the report was filed two days before the sentencing hearing and defendant was notified that the report had been filed).

*Affirmed.*

Motion for reargument denied August 5, 1991.

Motion for stay of mandate denied September 19, 1991.