**STATE**

v.

**David HEATH.**

**No. 95–58–C.A.**

Supreme Court of Rhode Island.

Nov. 1, 1995.

Andrea Mendes, Special Asst. Attorney General, Aaron Weisman, Asst. Attorney General, for plaintiff.

Janice Weisfeld, Asst. Public Defender, Paula Rosin, Asst. Public Defender, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, David Heath, has appealed from a trial justice's refusal to hear his motion for a new trial. After hearing oral argument and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the issues should be decided at this time.

The defendant was charged with burglary in violation of G.L.1956 (1981 Reenactment) § 11–8–1. A trial was held in Superior Court before a jury, and defendant was found guilty. Thereafter, defendant's trial attorney mailed a copy of a motion for a new trial to the prosecuting attorney. However, that motion was not timely filed with the clerk of the court, nor was a copy contemporaneously filed with the trial justice as required by Rule 33 of the Superior Court Rules of Criminal Procedure.

The trial justice, after hearing both parties, determined that he did not have jurisdiction over the motion because it had not been timely filed. Rule 33 makes it clear that there are jurisdictional prerequisites for filing a motion for a new trial. A motion for a new trial on any grounds other than newly discovered evidence must be made within ten days after the verdict. This ten-day period may be extended only if requested within those ten days.

Rule 33 of the Superior Court Rules of Criminal Procedure is similar to its federal counterpart. Time limitations under the federal rules are jurisdictional, and federal courts have held that they lack the authority to entertain a motion for new trial beyond the time limitations set forth in the rule. *See, e.g., United States v. Brown*, 742 F.2d 363, 368 (7th Cir.1984); *United States v. Fontanez*, 628 F.2d 687, 691 (1st Cir.1980), *cert. denied*, 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981).

Although this court has not previously construed the time limitation contained in Rule 33, other jurisdictions have addressed this issue and have held that such limitations are jurisdictional and cannot be waived. *See, e.g., State v. Clark*, 488 A.2d 1376, 1378 (Me. 1985); *State v. Sheppard*, 155 Vt. 73, 76, 582 A.2d 116, 119 (1990).

Nevertheless, defendant raises the case of *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), in support of his argument that the trial judge should have entertained his motion for a new trial as a matter of due process of law. In *Evitts* the Court held that counsel's failure to file a notice of appeal in conformity with court rules amounted to ineffective assistance of counsel and thus violated the defendant's due-process rights. *Id.* at 396, 105 S.Ct. at 838, 83 L.Ed.2d at 830. This court has held, however, that it will not consider ineffective-assistance-of-counsel claims on direct appeal.

Such issues are considered only in an application for postconviction relief filed under G.L.1956 (1985 Reenactment) chapter 9.1 of title 10.[1] *See, e.g., State v. Gibbons,* 418 A.2d 830, 839 (R.I.1980); *State v. Roderick,* 121 R.I. 896, 899, 403 A.2d 1090, 1092 (1979); *State v. Freitas,* 121 R.I. 412, 416–17, 399 A.2d 1217, 1219 (1979); and *State v. Levitt,* 118 R.I. 32, 40, 371 A.2d 596, 600 (1977).

For these reasons the defendant's appeal from the denial of his aborted motion for a new trial is denied and dismissed. The trial justice's ruling is affirmed, and the papers of the case may be remanded to the Superior Court.

---

**1.** Under G.L.1956 (1985 Reenactment) § 10–9.1–1(a)(1), persons claiming that their criminal convictions were obtained "in violation of the constitution of the United States or the constitution or laws of this state" may file petitions for postconviction relief.