Filed 06/20/24


| | | |
|---|---|---|
| VERMONT SUPERIOR COURT | | CIVIL DIVISION |
| Washington Unit | | Case No. 24-CV-00701 |
| 65 State Street | | |
| Montpelier VT 05602 | | |
| 802-828-2091 | | |
| www.vermontjudiciary.org | | |

---

Vermont Human Rights Commission v. Paul Campion

---

## Ruling on Motion to Strike

Plaintiff the Vermont Human Rights Commission ("HRC") brought this case claiming that Defendant Paul Campion violated the Vermont Fair Housing and Public Accommodations Act, 9 V.S.A. §§ 4500–4507, by discriminating against and harassing his residential tenant, Ms. Alicia Appleton, on the basis of sex and retaliating against her when she complained. The HRC seeks relief in the public interest and for the benefit of Ms. Appleton. Prior to this suit, interactions between Mr. Campion and Ms. Appleton generated a criminal case and a stalking case, both against Mr. Campion. Mr. Campion alleges that the criminal charges were "dropped," and the case was sealed pursuant to 13 V.S.A. § 7603(a). He alleges that the stalking case was dismissed.

Mr. Campion has filed a Vt. R. Civ. P. 12(f) motion to strike in this case. He argues the Court should strike numerous parts of the complaint that refer to the criminal proceeding or include allegations referring to facts ostensibly within the scope of the criminal or stalking proceedings. He claims that such allegations violate the criminal court's sealing order and have been conclusively determined in his favor by application of the claim and issue preclusion doctrines.

## I.    The Sealing Order

Mr. Campion alleges that the criminal case was "dropped," and the criminal court entered a sealing order under 13 V.S.A. § 7603(a).[1]  He asserts without analysis or further explanation that the allegations in the complaint violate the sealing order.

Subsection 7603(a) permits the criminal court to seal the "the criminal history record" when (a) there is no determination of probable cause at arraignment, (b) the case is dismissed without prejudice prior to trial, or (c) if the prosecutor and defendant so stipulate.  "*Except as provided in subdivision (c) of this section*, upon entry of a sealing order, the order shall be legally effective immediately and the person whose record is sealed shall be treated in all respects as if he or she had never been arrested, convicted, or sentenced for the offense."  13 V.S.A. § 7607(b)(1) (emphasis added).  Assuming that the sealing order otherwise might apply to certain allegations in the complaint, Mr. Campion fails to explain why the exception at § 7607(c)(1) would not preserve the HRC's ability to use the otherwise sealed information here.  Subsection 7607(c)(1) explains that, despite a sealing order: "An entity that possesses a sealed record may continue to use it for any litigation or claim arising out of the same incident or occurrence or involving the same defendant."  13 V.S.A. § 7607(c)(1).  Regardless of the terms of any sealing order, this provision preserves the HRC's ability to use otherwise sealed records.[2]

---

[1] These are bare allegations asserted in briefing.  There is no evidence in the record supporting either allegation, nor is any sealing order (or its terms) in the record.

[2] Given that determination, the Court need not delve further, at this stage, into the outer reaches of whether Section 7607 acts to somehow constrain all references to some or all past factual events that may be relevant to a cause of action.

II.     <u>Claim and Issue Preclusion</u>

Mr. Campion alleges that Ms. Appleton sought an order against stalking against him, and the case was dismissed.[3] *See* 12 V.S.A. §§ 5131–5138. He attempts, with virtually no analysis or explanation, to leverage that dismissal into a right to strike factual allegations in the complaint in this case that presumably would have been relevant to the stalking case. The Court rejects this argument for several reasons.

Both claim preclusion and issue preclusion have well established legal tests. *See Faulkner v. Caledonia Cnty. Fair Ass'n*, 2004 VT 123, ¶ 8, 178 Vt. 51, 54; *Trepanier v. Getting Organized, Inc.*, 155 Vt. 259, 265 (1990). Mr. Campion has not attempted to explain how the elements of either test are met here, and it is unclear how he possibly could have on a virtually non-existent record. The request is denied on that basis.

Additionally, even if the stalking suit, arguably, could have been binding in some manner on the HRC, by statute, stalking proceedings "shall be in addition to any other available civil or criminal remedies," 12 V.S.A. § 5136(a). Applying the preclusion doctrines in a subsequent civil suit based on a prior stalking suit would render the stalking suit exclusive, not additional, which may well violate that provision. *See also* 12 V.S.A. § 5133(l) ("A finding by the court pursuant to this chapter that the defendant stalked or sexually assaulted the plaintiff shall not be admissible in any subsequent civil proceedings for the purpose of establishing liability.").[4]

---

[3] Again, these are bare allegations asserted in briefing. There is no evidence in the record supporting either allegation, nor is any dismissal order or anything else revealing the nature of the allegations in the record.

[4] Of course, Ms. Appleton did not bring this action; the HRC did. In light of the Court's other determinations, it need not resolve Mr. Campion's claim that the HRC and Ms. Appleton should be viewed as being "in privity" for purposes of preclusion analysis. *See*

<u>Conclusion</u>

For the foregoing reasons, Mr. Campion's motion to strike is denied.

Electronically signed on Wednesday, June 19, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge

---

*Lamb v. Geovjian*, 165 Vt. 375, 380 (1996) ("A privity relationship generally involves a party so identified in interest with the other party that they represent one single legal right.") (citation omitted).