**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     24-AP-369

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2025

| | |
|---|---|
| James Burke\* v. Nicholas Deml et al. | } APPEALED FROM:<br>} Superior Court, Washington Unit,<br>} Civil Division<br>} CASE NO. 23-CV-02801<br>Trial Judge: Timothy B. Tomasi |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the trial court's decision in the State's favor on his complaint.  We affirm.

Plaintiff is incarcerated.  In June 2023, he filed a complaint against the State seeking review of governmental action under Vermont Rule of Civil Procedure 75.  He alleged in material part that his sentence was incorrectly calculated.

Following a bench trial, the court granted judgment to the State.  It noted that the facts were essentially undisputed and made the following findings.  In May 2005, plaintiff was arrested in Washington State pursuant to a Vermont arrest warrant issued for a felony charge of sexual assault in Docket Number 3905-7-04 Cncr (Docket 3905) and a misdemeanor charge of violation of probation (VOP) in Docket Number 5956-10-01 Cncr.  The arrest warrant provided for $100,000 bail on the felony offense and that plaintiff would be held without bail on the VOP.  Plaintiff was returned to Vermont and prosecuted in the cases above; he was also prosecuted for other misdemeanor charges in two additional dockets: 6303-11-03 Cncr and 6304-11-03 Cncr.

In October 2006, plaintiff was tried and convicted in Docket Numbers 6303/04-11-03 Cncr and sanctioned with additional time for contempt of court.  Plaintiff initially was not given credit for the time between his arrest and jailing in Washington State and his return to Vermont in October 2005.  In February 2007, however, the sentencing court issued an amended mittimus giving plaintiff credit for the 141 days he was initially in custody following his arrest.  In March 2007, the Department of Corrections (DOC) provided that credit to plaintiff in the matters for which he was incarcerated on October 2, 2006.  In 2007, plaintiff was sentenced on other charges that ran concurrently with the charges above.

Plaintiff finished serving his sentences on the misdemeanor matters above in 2009.  He remained in jail, however, because he continued to be subject to be held for failure to provide

bail in Docket 3905. Consequently, there was a lengthy period where plaintiff was being held on multiple charges and dockets from his original arrest going forward.

In October 2010, defendant was convicted and sentenced in Docket 3905. He had been held on the original $100,000 bail on that charge since his arrest in Washington State in 2005. The sentencing court did not specify if the sentence in Docket 3905 would run consecutively or concurrently to the charges on which plaintiff had previously been found guilty and served time while Docket 3905 was pending. Under such circumstances, DOC presumed that the sentencing mittimus ran concurrently to the prior sentences. It performed a sentencing calculation and set plaintiff's minimum release date in mid-October 2023, thereby giving him "double credit" for the time when the prior sentences overlapped with Docket 3905.

Several years later, in early 2012, plaintiff entered into a plea agreement with respect to new charges and he also agreed that the sentence in Docket 3905 would be amended to correct a "clerical error" and to confirm that the sentence in Docket 3905 was to run consecutively to the cases in existence at the time his sentence was imposed in Docket 3905. Thereafter DOC received an amended sentencing mittimus in Docket 3905. Based on the clarification referenced above, DOC recalculated plaintiff's sentence. As a result, plaintiff no longer received credit in Docket 3905 for the period of his incarceration that overlapped with his prior sentences and DOC changed plaintiff's minimum release date to the summer of 2031. Plaintiff then filed this Rule 75 complaint.

The court explained that its review of plaintiff's Rule 75 complaint was limited. Plaintiff's only possible avenue of review was via a writ of mandamus, a remedy whereby the court "require[s] a public officer to perform a simple and definite ministerial duty imposed by law." Sagar v. Warren Selectboard, 170 Vt. 167, 171 (1999). As relevant here, the court found that DOC had no discretion to fail to follow the dictates of a sentencing mittimus, to make a calculation error, or to fail to afford sentencing credit in light of such evidence and governing law. It considered plaintiff's claim on that basis.

The court concluded that the evidence here showed that DOC afforded plaintiff full credit for the time after he was arrested in Washington State and returned to Vermont. It cited the testimony of a DOC witness and records that DOC submitted in support of this assertion. The testimony and records also showed that DOC correctly calculated plaintiff's sentence in accord with the amended sentencing mittimus in Docket 3905. Vermont law clearly provided that where consecutive sentences were involved, a prisoner could not "double count" the days served on overlapping sentences against both sentences. 13 V.S.A. § 7031(b)(1). Section 7031(b)(1) specifically provides:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which the person is received at the correctional facility for service of the sentence. The court shall give the person credit toward service of his or her sentence for any days spent in custody as follows:
>
> (1) The period of credit for concurrent and consecutive sentences shall include all days served from the date of arraignment or the date of the earliest detention for the offense, whichever occurs first, and end on the date of the sentencing. Only a single credit shall be awarded in cases of consecutive sentences, and no credit for one period of time shall be applied to a later period.

2

Id. (emphasis added).

The court found that plaintiff quarreled with the amended mittimus that ordered the sentences to be calculated consecutively. He asserted that his prior convictions were "brought back to life" in violation of his constitutional rights but offered no persuasive legal support for this argument. Additionally, the court explained, these concerns were not appropriate for review in a Rule 75 proceeding. To the extent plaintiff argued that the decision to amend his sentencing mittimus to make his sentences consecutive somehow violated the law, that argument needed to be raised in a post-conviction relief (PCR) proceeding. Even if he could raise the argument in the instant case, it would be barred by res judicata given that plaintiff's prior attempt to vacate his plea agreement was denied on direct appeal and in a PCR. Even ignoring that bar, the court found that plaintiff identified no basis for why the plea agreement should be invalidated or interpreted differently. Plaintiff did not offer the actual plea agreement in support of his claims and at trial, he indicated a lack of memory of such an agreement. The court thus concluded that DOC properly calculated plaintiff's sentence based on the sentencing mittimuses issued by the sentencing courts. Plaintiff filed a motion for reconsideration, which was denied, and this appeal followed.

Plaintiff appears to raise the same arguments on appeal that he raised below. He asserts that the new sentencing mittimus violated his double-jeopardy rights because his misdemeanor and VOP cases were "maxed out" and then "unlawfully resurrected and counted again as consecutive" to his sentence in Docket 3905. He challenges the validity of his plea agreement, which clarified that the sentence in Docket 3905 ran consecutively to rather than concurrently with his other sentences. Plaintiff complains that the court failed to address the arguments he raised in his motion for reconsideration, which are apparently the same arguments raised at trial. He complains that he was not able to obtain a transcript of the proceedings below. Plaintiff also asserts that his counsel at sentencing was ineffective.[*]

Our review of the court's decision following a bench trial is deferential. The court's findings are not at issue as plaintiff did not order a transcript. See V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review."). As indicated above, however, the facts here are essentially undisputed. We will affirm the court's conclusions "where they are reasonably drawn from the evidence presented." Lofts Essex, LLC v. Strategis Floor & Decor Inc., 2019 VT 82, ¶ 17, 211 Vt. 204 (quotation omitted).

Plaintiff fails to show that the court erred in granting judgment to the State on his complaint or denying his motion for reconsideration. The court's conclusion that plaintiff was afforded full credit for the time after he was arrested in Washington State and returned to Vermont is supported by its findings, as is its conclusion that DOC correctly calculated plaintiff's sentence in accord with the amended sentencing mittimus in Docket 3905. As the trial court explained, moreover, plaintiff's challenges to his plea agreement were not appropriate issues for a Rule 75 complaint and even if they were, they would be barred by the doctrine of res judicata, having previously been considered and rejected on direct appeal and in a PCR. See Lamb v. Geovjian, 165 Vt. 375, 379-80 (1996) (explaining that "[r]es judicata bars the litigation

---

[*] Plaintiff moved to cancel oral argument and file written argument, a request that was denied on April 24, 2025. On April 30, 2025, plaintiff filed a second request seeking the same relief. He asserted that the Webex system in the prison was broken. A remote oral argument was held without incident on May 7, 2025, and plaintiff's request is denied as moot.

3

of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical," and the doctrine bars not only claims that were "actually litigated in an earlier proceeding" but also "claims or causes of action that were or should have been raised in previous litigation" (quotations omitted)). Presuming it was raised below, a Rule 75 complaint is also an inappropriate vehicle to raise an ineffective-assistance-of-counsel argument. To the extent that plaintiff complains about the lack of a transcript in this case, we find no error as plaintiff failed to timely order a transcript. There has been no "miscarriage of justice," as he asserts. Indeed, the court found the facts essentially undisputed here and it recognized, among other things, that plaintiff finished serving his sentences on various misdemeanor matters in 2009, a point that plaintiff appears to emphasize in his brief. We have considered all of the arguments discernable in plaintiff's brief and relevant to the order on appeal, and conclude they are all without merit.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice

4