**STATE,**

v.

**Michael MALSTROM.**

No. 95–368–C.A.

Supreme Court of Rhode Island.

March 11, 1996.

OPINION

Andrea Mendes, Aaron Weisman, Providence, for Plaintiff.

Paula Hardiman, Paula Rosin, Providence, for Defendant.

PER CURIAM.

This matter came before the Supreme Court on January 24, 1996, pursuant to an order directing the defendant, Michael Malstrom, to appear and show cause why his appeal should not be summarily decided. In this case the defendant appeals from his conviction in the Superior Court of driving a motor vehicle without the consent of the owner or lessee. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The facts of the case insofar as pertinent to this appeal are as follows.

In the fall of 1992 defendant was employed by Lafayette Auto Center as an upholsterer and lived in an upholstery shed on the premises. The owner of the auto center, Jon LaChappelle (LaChappelle), testified that during defendant's employment LaChappelle had a 1976 yellow Mercedes for sale for $4,600. The vehicle was owned by Kenneth Schongold (Schongold) and was being sold by LaChappelle. The vehicle was not registered, and defendant was not permitted to drive the car off the premises. LaChappelle fired defendant in July of 1993. Upon discharge, defendant, who had access to the keys of the vehicles on the business premises, did not return to LaChappelle the key to the upholstery shed. On July 22, 1993, LaChappelle discovered that the Mercedes was gone and that cash from the register, soda machine, and coin jar had also been taken. There were no signs of forced entry. LaChappelle testified that defendant called the following afternoon and informed him that he had the Mercedes and the other missing items from the business.

Schongold testified that defendant agreed to buy the Mercedes for $3,000 and gave him a $250 deposit to "hold the car off the market." Schongold, who claimed to be the Mercedes's true owner, retained possession of the vehicle's bill of sale. After the car had been taken from LaChappelle's lot, Schongold testified that defendant called him and offered $50 for the car's bill of sale. The defendant told Schongold that the bill of sale

was needed to avoid trouble with police. Schongold refused to deliver the bill of sale, and soon thereafter the Mercedes reappeared on LaChappelle's lot.

Several defense witnesses testified that defendant was permitted to use the Mercedes. One such witness testified that LaChappelle allowed her and defendant to use the car and that she would drive because defendant did not have a license.

The jury returned a verdict against defendant on the charge of driving a vehicle without the consent of the owner but acquitted him of breaking into and entering a building. The trial justice denied defendant's motion for a new trial.

■ On appeal defendant argues that he was the owner of the Mercedes and, therefore, could not have violated G.L.1956 § 31–9–1, as amended by P.L.1990, ch. 238, § 1. Alternatively, he contends that he was authorized to drive the Mercedes. Section 31–9–1 provides in pertinent part:

"Any person who drives a vehicle, not his or her own, without the consent of the owner or lessee thereof, and with intent temporarily to deprive the owner or lessee of his or her possession of the vehicle, without intent to steal the vehicle, is guilty of a felony. The consent of the owner or lessee of a vehicle to its taking or driving shall not in any case be presumed or implied because of the owner's or lessee's consent on a prior occasion to the taking or driving of such vehicle by the same or a different person."

Section 31–1–17(b) defines an owner as

"[a] person who holds the legal title to a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner for the purposes of chapters 1–27, inclusive, of this title."

Here Schongold retained possession of the vehicle's bill of sale. The defendant's $250 deposit, which was one-twelfth the purchase price of the car, did not operate to transfer ownership. It merely took the car off the market while defendant sought to accumulate the balance. No conditional sales contract existed transferring possession of the vehicle to defendant. Consequently defendant did not qualify as the owner of the vehicle under § 31–1–17(b), and according to state witnesses, defendant did not have permission to drive the vehicle off the Lafayette sale lot. We are of the opinion that the jury's verdict was fully supported by legally competent evidence.

■ The defendant also contends that he was not "driving" the vehicle within the meaning of the statute. Circumstantial evidence, however, suggests that defendant removed the car from the Lafayette sale lot and retained possession of it for the time it was missing. It can be reasonably inferred that defendant drove the car off the lot and subsequently returned it after he had failed to obtain the vehicle's bill of sale.

■ Next, defendant challenges the trial justice's admission of testimony of a North Kingstown police officer who stopped defendant while driving the Mercedes. The defendant, however, failed to object to the officer's testimony at trial and has therefore waived this issue on appeal.

■ The defendant's final claim is that he received ineffective assistance of trial counsel. This court has held, however, that it will not consider ineffective-assistance-of counsel claims on direct appeal. Such issues are considered only in an application for postconviction relief filed under G.L.1956 § 10–9.1–1.[1] *State v. Heath*, 665 A.2d 1336, 1337–38 (R.I.1995); *State v. Gibbons*, 418 A.2d 830, 839 (R.I.1980).

For the reasons stated the defendant's appeal is denied and dismissed. The judgment

---

1. Under G.L.1956 § 10–9.1–1(a)(1), persons claiming that their criminal convictions were obtained "in violation of the constitution of the United States or the constitution or laws of this state" may file applications for postconviction relief.

appealed from is affirmed, and the papers of the case are remanded to the Superior Court.