Gerald M. BROWN, Jr.

v.

State of RHODE ISLAND.

No. C.A. 00–327L.

United States District Court,
D. Rhode Island.

July 13, 2001.

Gerald M. Brown, Jr., pro se.

Susan E. Urso, Thomas A. Palombo, for Defendant.

### Report and Recommendation

HAGOPIAN, United States Magistrate Judge.

■ The *pro se*[1] plaintiff Gerald M. Brown, an inmate confined at the Adult Correctional Institution in Cranston, Rhode Island, filed this action pursuant to 42 U.S.C. § 1983 alleging a deprivation of his due process rights under the Fourteenth Amendment to the U.S. Constitution. Plaintiff names the State of Rhode Island as the defendant.

This matter is currently before the Court on the defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff has filed an opposition thereto. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the defendant's 12(b)(1) motion to dismiss be denied and the defendant's 12(b)(6) motion to dismiss be granted.

### I. Background[2]

Plaintiff Brown was convicted in the Rhode Island Superior Court of criminal

---

1. A *pro se* plaintiff's complaint is read with an "extra degree of solicitude" and is liberally construed. *Rodi v. Ventetuolo,* 941 F.2d 22, 23 (1st Cir.1991).

2. The court has gleaned the facts, which are taken as true for purposes of this motion, from the plaintiff's Complaint, his Amend-

offenses. Following his conviction, the plaintiff moved for a new trial, alleging ineffective assistance of counsel. The trial judge denied the motion on the basis that "ineffective assistance of counsel was a matter that could be brought up at the proper time of post conviction relief." Plaintiff thereafter appealed his conviction to the Rhode Island Supreme Court, which affirmed.

Plaintiff then filed an application for post-conviction relief ("PCR") pursuant to R.I.GenLaws § 10–9.1 (1997) alleging ineffective assistance of counsel. The hearing justice denied the plaintiff's petition. The plaintiff appealed to the Rhode Island Supreme Court, which again affirmed.

Plaintiff alleges that the defendant, the State of Rhode Island, violated his due process rights by requiring him to raise his ineffective assistance of counsel claim *after* the direct appeal of his conviction.[3] Plaintiff claims that he has a constitutionally protected right to have his ineffective assistance of counsel claim heard on direct appeal or in a PCR petition before appeal. Plaintiff also alleges that the defendant violated 42 U.S.C. §§ 2000a(a), 2000a(d), 2000b and 2000d–7.

As redress for the delay in asserting his ineffective assistance of counsel claim, plaintiff seeks compensatory damages in the amount of ten million dollars, punitive damages in the amount of five million dollars, declaratory relief, and injunctive relief. The defendant has moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff has opposed the motion.

ment to the Complaint, and his Second Amendment to the Complaint.

**3.** The Rhode Island Supreme Court has held that ineffective assistance of counsel claims

## II. Discussion

### A. 12(b)(1) Motion

■ Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of actions in which the court lacks subject matter jurisdiction. The court when considering a 12(b)(1) motion may consider all pleadings submitted by the parties. *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.1996). The pertinent inquiry is whether or not the challenged pleadings set forth allegations sufficient to demonstrate that the subject matter jurisdiction of the court is proper. *Casey v. Lifespan Corp.*, 62 F.Supp.2d 471, 474 (D.R.I.1999). The burden of proof in a 12(b)(1) motion falls on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942). The party must establish that they have a claim under federal law. In ruling on a motion filed under Rule 12(b)(1), the pleadings are to be taken as true and construed in a light most favorable to the party opposing the motion. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995).

■ Plaintiff has filed this action pursuant to 42 U.S.C. § 1983. While section 1983 does not grant subject matter jurisdiction to the federal courts, *Cervoni v. Sec'y of Health, Educ. & Welfare*, 581 F.2d 1010, 1019 (1st Cir.1978), a claim under 42 U.S.C. § 1983 falls under the general federal question jurisdiction. *See* 28 U.S.C. § 1331 (providing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."). While there is no question that this court can entertain an action alleging a Constitu-

may only be brought after a direct appeal in an application for post conviction relief pursuant to RIGenLaws 10–9–1. *See State v. Malstrom*, 672 A.2d 448, 449 (R.I.1996).

tional violation pursuant to 28 U.S.C. § 1331, there is a question of the court's jurisdiction when the defendant is a State. When the defendant is a State the court must inquire into whether the suit is barred by the Eleventh Amendment.

### 1. Eleventh Amendment and State Liability

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment bars suits against States in federal court. *See Hans v. Louisiana*, 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1890) (holding that federal jurisdiction over suits against States "was not contemplated by the Constitution when establishing the judicial power of the United States.") *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984) (holding that the Eleventh Amendment deprives the federal courts of subject matter jurisdiction over any action asserted by an individual against a State). The Eleventh Amendment is rooted in a recognition that the States, although a union, maintain certain attributes of sovereignty, including sovereign immunity. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, 113 S.Ct. 684, 689, 121 L.Ed.2d 605 (1993).

A plaintiff can, however, maintain a suit against a State in several ways: (1) if the State consents to suit, *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974), (2) if the State waives its immunity, *Briscoe v. Bank of Commonwealth*, 36 U.S. (11 Pet.) 257, 9 L.Ed. 709 (1837), (3) if Congress explicitly abrogates a State's Eleventh Amendment immunity, *Seminole Tribe v. Florida*, 517 U.S. 44, 53, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252 (1996)[4], or (4) where a suit is limited to prospective injunctive relief against a State official to enjoin a continuing violation of federal law, *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Here plaintiff asserts that the State of Rhode Island is amenable to suit based on the State's waiver of the Eleventh Amendment pursuant to RIGEN-LAWS § 9–31–1(1997).

RIGENLAWS § 9–31–1 (1997) provides in pertinent part:

> The State of Rhode Island and any political subdivision thereof, including all cities and towns, shall ... hereby be liable in all actions of tort in the same manner as a private individual or corporation; Provided however, That any recovery in any such action shall not exceed the monetary limitations thereof set fourth in the chapter.

In *Laird v. Chrysler Corp.*, the Rhode Island Supreme Court held that, pursuant to RIGENLAWS § 9–31–1 (1997), the State of Rhode Island has broadly waived its Eleventh Amendment immunity in tort actions in state and federal courts. 460 A.2d 425, 429 (R.I.1983). Section 1983 claims, as asserted here, are considered tort actions. *Pride Chrysler Plymouth, Inc. v. Rhode Island Motor Vehicle Dealers License Comm'n.*, 721 F.Supp. 17, 22 (D.R.I.1989). Thus, plaintiff's claims against the state are not barred by the Eleventh Amendment.

---

4. Congress when enacting 42 U.S.C. § 1983, did not intend to abrogate the States' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

Accordingly, since this Court has jurisdiction pursuant to 28 U.S.C. § 1331 to entertain claims made under Section 1983, and since Rhode Island has waived its Eleventh Amendment immunity in tort actions in federal court, the defendant's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction, should be denied. I so recommend.

## B. 12(b)(6) Motion

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which fail to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the court must "accept the well pleaded factual averments of the *** complaint as true, and construe these facts in the light most favorable to the [plaintiff]." *Chongris v. Bd. of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987). A Rule 12(b)(6) motion will only be granted when, viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

 Under a Rule 12(b)(6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992). Unverifiable conclusions, not supported by the stated facts, deserve no deference. *Id.* Thus, in ruling on the motion to dismiss, the pertinent inquiry is whether plaintiff's complaint sets forth sufficient factual allegations which, if proven, would support his claims of a deprivation of protected federal rights.

## 1. 42 U.S.C. § 1983 Cause of Action.

 Plaintiff has brought this action under 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 creates a cause of action for persons who are denied a federally protected right. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (constitutional deprivations); *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980) (statutory deprivations). In order to maintain a section 1983 action, the conduct complained of must be committed by a "person" acting under color of state law and the conduct must have deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).

 Although plaintiff has cleared the Eleventh Amendment hurdle, here the plaintiff *only* names the State as a defendant. Thus, this suit falls squarely within the well delineated precedent set by the United States Supreme Court in *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The Supreme Court in *Will* held that a State is not a proper defendant for a section 1983 cause of action since a State is not a "person" as that term is used in § 1983. *See id.* at 71, 109 S.Ct. 2304. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties,

but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66, 109 S.Ct. 2304.[5]

The Supreme Court in *Will* made clear that a plaintiff cannot maintain an action against a state pursuant to Section 1983. *See id.* Accordingly, I recommend that defendant's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), for a failure to state a claim, should be granted.

## 2. 42 U.S.C. §§ 2000a(a), 2000a(d), 2000b, 2000d–7 Violations.

 Plaintiff alleges that the defendant violated 42 U.S.C. § 2000a(a)[6], § 2000a(d)[7], § 2000b[8] and § 2000d–7[9]. Sections 2000a(a), 2000a(d), 2000b, and

**5.** An action for injunctive relief brought pursuant to section 1983 may be maintained against a state official. *Will,* 491 U.S. at 71 n. 10, 109 S.Ct. 2304. However, plaintiff does not name a state official as a defendant.

**6.** 42 U.S.C. § 2000a(a) (1999), Pub.L. 88–352, title II, § 201, July 2, 1964, 78 Stat. 243 provides: All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

**7.** 42 U.S.C. § 2000a(d) (1999), Pub.L. 88–352, title II, § 201, July 2, 1964, 78 Stat. 243 provides: Discrimination or segregation by an establishment is supported by State action within the meaning of this subchapter if such discrimination or segregation (1) is carried on under color of any law, statute, ordinance, or regulation; or (2) is carried on under color of any custom or usage required or enforced by officials of the State or political subdivision thereof; or (3) is required by action of the State or political subdivision thereof.

**8.** 42 U.S.C. § 2000b(a) (1999) Pub.L. 88–352, title III, § 301, July 2, 1964, 78 Stat. 246 provides in pertinent part: Whenever the Attorney General receive a complaint ... by an individual to the effect that he is being deprived of or threatened with the loss of his right to the equal protection of the laws, on account of his race, color, religion, or national origin, by being denied equal utilization of any public facility which is owned, operated, or managed by or on behalf of any State ... and the Attorney General believes the complaint is meritorious and certifies that the signer or signers of such complaint are unable ... to initiate and maintain appropriate legal proceedings ... and the institution of

action will materially further the orderly progress of desegregation ... the Attorney General is authorized to institute for or in the name of the United States a civil action in any appropriate district court. . . .

42 U.S.C. § 2000b(b) (1999) Pub.L. 88–352, title III, § 301, July 2, 1964, 78 Stat. 246 provides: The Attorney General may deem a person or persons unable to initiate and maintain appropriate legal proceedings within the meaning of subsection (a) of this section when such person or persons are unable, either directly or through other interested persons or organizations, to bear the expense of the litigation or to obtain effective legal representation; or whenever he is satisfied that the institution of such litigation would jeopardize the personal safety, employment, or economic standing of such person or persons, their families, or their property.

**9.** 42 U.S.C. § 2000d–7(1) (1999) Pub.L. 99–506, title X, § 1003, Oct. 21, 1986, 100 Stat. 1845 provides: A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. § 794], title IX of the Education Amendments of 1972 [20 U.S.C. § 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. § 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. § 2000d et seq.], or the provisions of any other statute prohibiting discrimination by recipients of Federal financial assistance

42 U.S.C. § 2000d–7(2) (1999) Pub.L. 99–506, title X, § 1003, Oct. 21, 1986, 100 Stat. 1845 provides: In a suit against a State for a violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a state.

2000d–7 prohibit discrimination on the basis of race, color, religion, or national origin, *PGA Tour, Inc., v. Martin,* 531 U.S. 1049, 121 S.Ct. 1879, 1892, 149 L.Ed.2d 904 (2001); *Alexander v. Sandoval,* 531 U.S. 1049, 121 S.Ct. 1511, 1516, 149 L.Ed.2d 517 (2001) (quoting 42 U.S.C. § 2000d–7). A claim pursuant to sections 2000a(a), 2000a(d), 2000b and 2000d–7 requires allegations of discrimination. *See The Dartmouth Review v.. Dartmouth College,* 889 F.2d 13, 21 (1st Cir.1989). However, plaintiff's Complaint is completely devoid of any allegation that the defendant discriminated against him in any way on the basis of race, color, religion, or national origin. Accordingly, plaintiff's claims under these statutes should be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6). I so recommend.

### III. Conclusion

For the reasons stated above, I recommend that the defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction should be denied and the defendant's 12(b)(6) motion to dismiss should be granted. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *See United States v.. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).