699 A.2d 30 (1997)
In re J.A., Juvenile.
No. 96-223.
Supreme Court of Vermont.
May 6, 1997.
Before GIBSON, DOOLEY, MORSE and JOHNSON, JJ., and ALLEN, C.J. (Ret.), Specially Assigned.

ENTRY ORDER
J.A. and her mother appeal a judgment of the Caledonia Family Court finding J.A. to be a child in need of care or supervision (CHINS). Appellants challenge a provision of the order that incorporated a case plan requiring J.A.'s stepfather to admit to sexually abusing her. We strike that portion of the challenged order, and affirm in all other respects.
In November 1995, the Department of Social and Rehabilitation Services (SRS) filed a petition with the family court alleging that J.A. had been physically and sexually abused by her stepfather. Evidence adduced at the hearing on the merits disclosed that on November 21, 1995, J.A. went to a friend's house and told her friend's parents that her stepfather had beaten her. The parents called the Vermont State Police. Following an interview with the juvenile, SRS took her into protective custody. J.A. testified that her stepfather had sexually abused her repeatedly when she was between six and nine years old, and that more recently he had pinched her breasts. The stepfather admitted in his testimony that he had grabbed, pushed, and threatened her. Based upon the foregoing, the court found physical abuse by clear and convincing evidence and sexual abuse by a preponderance of the evidence.
In January 1996, J.A.'s attorney moved to reopen the merits, stating that as a result of *31 "recovered memory" J.A. now recalled that the more serious sexual abuse that occurred between the ages of six and nine was actually committed by her natural father, who had died in 1992, and not by her stepfather. The court found J.A.'s partial recantation credible and entered new findings; however, the trial court still found that J.A. was in need of supervision based on the allegation of physical abuse and breast pinching. Disposition hearings were held, and it was determined that J.A. should stay in the custody of foster parents and that under a reunification plan established by SRS, the stepfather would have to admit to sexual abuse and enroll in psychosexual counseling.
Appellants contend that the disposition order requiring the stepfather to admit to sexual abuse as a condition of reunification violates his Fifth Amendment right against self-incrimination. We have held that "[t]he trial court cannot specifically require the parents to admit criminal misconduct in order to reunite the family." In re M.C.P., 153 Vt. 275, 300, 571 A.2d 627, 641 (1989). Accordingly, that portion of the order requiring the stepfather to admit to sexual abuse must be stricken. We have also recognized, however, the importance of preventing a child from being subjected to an abusive environment and thus have held that reunification plans may require extensive therapy and counseling for sexually abusive parents. Id. at 300-01, 571 A.2d at 640-41. Furthermore, if the parents' denial of abuse interferes with effective therapy, then the court "may act on that finding to the parents' detriment without offending the Fifth Amendment privilege." Id. at 301, 571 A.2d at 641. Therefore, the additional requirement that the stepfather successfully complete counseling was valid and appropriate.
Appellants also contend the stepfather was denied due process by being ordered to undergo therapy without having been accorded party status and legal representation. The stepfather was aware of the case, and testified at the hearing on the merits, but never requested party status.
Finally, at oral argument, counsel for J.A. raised the issue for the first time as to whether the evidence was sufficient to support the finding of abuse by the stepfather. Issues not briefed are waived. New England Road Mach. Co. v. Calkins, 121 Vt. 118, 122, 149 A.2d 734, 738 (1959) (General statement that error was committed, without citing authorities, stating grounds and supporting point by argument is inadequate briefing and merits no consideration).
The portion of the court's order pertaining to the caseplan requirement that J.A.'s stepfather admit to sexual abuse is stricken; otherwise, affirmed.