2012 VT 67

## David Shaddy v. Brattleboro Retreat, et al.

[57 A.3d 700]

No. 11-267

Present: **Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.**

Opinion Filed August 10, 2012

*David Shaddy*, Pro Se, Johnson, Plaintiff-Appellant.

*Pamela J. Coyne* and *Timothy E. Copeland, Jr.* of *Downs Rachlin Martin PLLC*, Brattleboro, for Defendants-Appellees.

¶ 1. **Burgess, J.** Plaintiff David Shaddy appeals the Windham Civil Division's dismissal of his complaint against the Brattleboro Retreat and certain employees of the Retreat. Plaintiff, a former Retreat employee, brought claims of defamation, obstruction of justice, intentional infliction of emotional distress (IIED), and intentional interference with a contract, arising from the Retreat's allegation that he unlawfully diverted regulated drugs from the medication room at its facility. The court dismissed the entire complaint on the ground that, having been resolved in proceeding before the Department of Labor and in plaintiff's criminal case, the issue of whether plaintiff diverted the drugs was res judicata. The court also stated alternative grounds for dismissing all of the claims against the individual defendants, as well as the IIED, obstruction-of-justice, and intentional-interference-with-a-contract claims against both the individual defendants and the Retreat. Plaintiff argues that the court erred in dismissing his claims on the basis of res judicata and by failing to properly consider his complaint in light of his pro se status. We reverse the court's dismissal of the defamation claim against the Retreat, but otherwise affirm its decision.

¶ 2. Plaintiff worked for the Retreat as a nurse from September 2007 through most of January 2008. During that time, the Retreat became aware that someone was tampering with packets of a regulated drug, Adderall XR, in the medication room of its facility. After reviewing the work schedules of its employees, the Retreat focused its investigation on plaintiff. It arranged for plaintiff to be in charge of the medication room on the evening of January 20, 2009 and instructed all other nurses not to enter the room without being observed by another nurse. At the end of plaintiff's shift, the Retreat discovered that capsules of Adderall XR had been tampered with in a similar manner to prior incidents. Shortly thereafter, the Retreat fired plaintiff.

¶ 3. Plaintiff sought unemployment compensation benefits from the Department of Labor. The Employment Security Board denied benefits on the ground that plaintiff was fired for gross misconduct. After plaintiff's first appeal to this Court resulted in a remand, see *Shaddy v. Dep't of Labor*, 2009 VT 103, 186 Vt. 633, 987 A.2d 311 (mem.), the Board once again determined that

plaintiff was not entitled to benefits because he was fired for gross misconduct. Upon plaintiff's renewed appeal, we affirmed the Board's decision, concluding that "the evidence was more than sufficient to support the Board's denial of benefits" on the grounds stated. *Shaddy v. Dep't of Labor*, No. 2010-231, 2010 WL 7789084, at \*1 (Vt. Dec. 8, 2010) (unpub. mem.), available at: http://www.vermontjudiciary.org/d-upeo/upeo.aspx.

¶ 4. The incident led to criminal charges in the Windham Criminal Division. After his criminal trial ended with a hung jury, plaintiff pled no contest to an amended charge of possession of a stimulant in violation of 18 V.S.A. § 4234(a)(1). The amended information alleged that plaintiff was in possession of the regulated drug after removing granules from capsules contained in dispensing packages located in the Retreat's medication room.

¶ 5. Plaintiff was also the subject of disciplinary proceedings before the Office of Professional Regulation's Board of Nursing. The proceeding before the Board of Nursing also ended in a settlement in the form of a Stipulation and Consent Order (the Order). The Order stated that plaintiff was neither admitting liability nor disputing "that the State could prove these charges by a preponderance of the evidence if this matter went to a hearing." The most specific of these charges read that, in violation of 26 V.S.A. § 1582(a)(7), plaintiff "engage[d] in conduct of a character likely to deceive, defraud or harm the public which include[d], but [was] not limited to, diverting supplies, equipment, or drugs for personal or other unauthorized use."

¶ 6. In January 2011, plaintiff filed a complaint against defendants alleging counts sounding in defamation, obstruction of justice, intentional infliction of emotional distress, and intentional interference with a contract. Plaintiff's defamation count alleged that on January 20, 2008, and January 21, 2008, the Retreat, through multiple employees and on three different occasions, leveled false accusations that he was the only person with the opportunity to divert, and thus by implication did divert, Adderall XR from the medication room during three separate time periods in November 2007 and January 2008. It further alleged that on January 23, 2008, the Retreat, through one of its employees, falsely accused plaintiff of taking drugs from a Retreat patient.

¶ 7. Defendants moved to dismiss the complaint in its entirety based on the doctrine of res judicata because each allegation was or could have been litigated in prior proceedings before the

Department of Labor and the Windham Criminal Division. Defendants also moved under Vermont Rule of Civil Procedure 12(b)(6) to dismiss all counts except the defamation count for failure to state a claim upon which relief could be granted. Finally, the individual defendants moved to dismiss the entire complaint for failure to allege any act or omission by any one of them in his or her individual capacities.

¶ 8. Plaintiff did not respond to defendants' motions, and on April 28, 2011, the court granted the motions and dismissed the complaint. Quoting *Lamb v. Geovjian*, 165 Vt. 375, 381, 683 A.2d 731, 735 (1996), for the proposition that the doctrine of res judicata precludes a litigant "from using defenses available in one action as a basis for a claim in a later action," the court concluded that all of plaintiff's claims in this case centering around an alleged conspiracy and false statements were identical to plaintiff's defenses that were addressed in the prior proceedings. The court reasoned that res judicata barred the claims "because the central question of his misconduct with respect to the handling of medications during his term of employment at the Retreat has already been fully litigated and resolved in favor of the Retreat." As independent grounds for dismissal, the court also concluded that: (1) plaintiff had failed to identify any separate legal basis for obtaining a judgment against any of the individual defendants; (2) the obstruction-of-justice count failed because plaintiff made no showing that a civil court could impose a civil judgment for alleged criminal wrongdoing; and (3) the facts alleged in the complaint were insufficient as a matter of law to support a claim for intentional infliction of emotional distress. The court subsequently denied plaintiff's motion for reconsideration.

 ¶ 9. Plaintiff's main claim on appeal is that the court erred in dismissing his complaint based on the doctrine of res judicata.[1] He does not challenge the court's independent bases for dismiss-

---

[1] After oral argument, plaintiff filed a document with this Court "complaining" that defendants' attorney made certain "dishonest" statements during her argument, along with a series of documents supposedly supporting plaintiff's innocence of the allegations against him. We reject plaintiff's characterization of defendants' attorney as dishonest and consider the allegations in his "complaint" as attempting to raise a factual dispute not at issue in this appeal. Moreover, plaintiff's submission of additional documentation regarding the merits of the underlying charges against him was an attempt to improperly expand the record in this case, and these documents were not considered in deciding his appeal.

ing all claims against the individual defendants, and all claims but the defamation claim against the Retreat. All that remains, therefore, is whether the court properly dismissed the defamation claim against the Retreat as res judicata, a question of law we consider de novo. See *In re J.A.*, 166 Vt. 625, 626, 699 A.2d 30, 31 (1997) (mem.) ("Issues not briefed are waived."); *In re Vill. Assocs. Act 250 Land Use Permit*, 2010 VT 42A, ¶ 7, 188 Vt. 113, 998 A.2d 712 (reiterating that questions of law are subject to de novo review).

■ ¶ 10. Plaintiff raises three distinct reasons why the proceedings before the Windham Criminal Division, Board of Nursing, and Department of Labor should not preclude his defamation claim. First, he argues that under Vermont Rule of Evidence 410(2) his nolo contendere plea cannot be used against him in his civil suit. Second, he posits that the Retreat was neither a party to the Board of Nursing proceeding nor in privity with the Attorney General's office. Last, plaintiff submits that under 21 V.S.A. § 1353 the disposition of his unemployment compensation proceeding before the Department of Labor cannot bar his suit.[2] We hold that under Rule 410(2) and § 1353, respectively, neither plaintiff's criminal plea, nor the result of his unemployment compensation proceeding, can bar his defamation claim. We further hold that, under our decision in *Trepanier v. Getting Orga-*

---

[2] We note that in the proceeding below plaintiff failed to respond to defendants' motion to dismiss until after the court issued its April 28 decision granting dismissal. On May 10, plaintiff filed a reply to defendants' motion to dismiss, in which he argued that under Rule of Evidence 410(2) his nolo contendere plea could have no preclusive effect on his defamation suit. Though calling his arguments "untimely," the court considered plaintiff's reply, but saw no reason to reverse its decision. Plaintiff's reply, however, did not raise § 1353 in response to the court's reliance on his Department of Labor proceeding to hold that his suit was res judicata.

On appeal, we address plaintiff's arguments under both Rule 410(2) and § 1353 — despite their imperfect preservation — because of the greater flexibility afforded pro se litigants with respect to our preservation rules, and because the rule and the statute expressly defeat the rationale of the trial court's decision. See *In re Entergy Nuclear Vermont Yankee, LLC*, 2007 VT 103, ¶ 12, 182 Vt. 340, 939 A.2d 504 (noting that this Court "afford[s] pro se litigants greater flexibility with respect to the preservation rules"); *State Highway Bd. v. Sharrow*, 125 Vt. 163, 164, 212 A.2d 72, 73 (1965) (explaining that while pro se litigants retain no greater protection against unfavorable outcomes, "this Court will [not] permit unfair imposition or unconscionable advantage to be taken of one who acts as his own attorney").

*nized, Inc.*, 155 Vt. 259, 583 A.2d 583 (1990), the order settling plaintiff's Board of Nursing proceeding is likewise too vague to constitute a final judgment on the merits and therefore that it does not preclude plaintiff's claim. Accordingly, we reverse the trial court's dismissal of plaintiff's defamation suit against the Retreat and remand this matter for proceedings consistent with this opinion.

■ ■ ¶ 11. We first address whether either plaintiff's criminal plea or the outcome of his unemployment compensation proceeding bars his defamation claim against the Retreat. Neither does. Under the pertinent rule of evidence, a plea of nolo contendere "is not, in any civil or criminal proceeding, admissible against the defendant." V.R.E. 410(2). Accordingly, plaintiff's nolo contendere plea to criminal possession of a stimulant arising from his employment at the Retreat has no preclusive effect on his defamation suit. Similarly, 21 V.S.A. § 1353, addressing the collateral import of unemployment compensation claims proceedings, provides that:

> Any determination . . . made by . . . the employment security board . . . in any type of proceeding under this chapter is binding only between the department and all parties in that proceeding and is not binding, conclusive or admissible in any separate or subsequent action between an individual and his or her present or former employer brought before [a] . . . court or judge of this state . . . regardless of whether the prior proceeding was between the same or related parties or involved the same facts.

Under § 1353, therefore, the Board's findings and conclusions reached in denying plaintiff's claim for unemployment compensation benefits are likewise inadmissible in, and cannot bar, his defamation claim.

■ ¶ 12. We next consider whether the disposition of plaintiff's proceeding before the Board of Nursing precludes his defamation suit.[3] At the threshold, we note that while the trial court held that res judicata barred plaintiff's defamation claim against the Re-

---

[3] The Nursing Board proceeding was ongoing at the time defendant filed its motion to dismiss, but was completed before the court granted the motion. As a result, the court did not conclude that plaintiff's defamation suit was res judicata based on the

treat, it is the doctrine of collateral estoppel, or issue preclusion, that is more precisely at issue here. Res judicata "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." *Lamb*, 165 Vt. at 379, 683 A.2d at 734 (quotation omitted). On the other hand, collateral estoppel bars a party from relitigating an already-decided issue where there has been a full and fair opportunity to litigate that issue by the same party in a prior, if not necessarily the same, proceeding. See *Trepanier*, 155 Vt. at 265, 583 A.2d at 587 (outlining the elements of collateral estoppel).

█ ¶ 13. In this case, plaintiff is not attempting to relitigate a once-resolved claim between the parties. Rather, the Retreat contends that plaintiff had his opportunity to dispute the charge of drug diversion but elected to accept a disciplinary sanction in lieu of contesting the matter. If the complaint to the Board was admitted, the Retreat contends, the truth of plaintiff's drug diversion from its medication room would be an absolute defense to his defamation claim. See *Russin v. Wesson*, 2008 VT 22, ¶ 5, 183 Vt. 301, 949 A.2d 1019 ("Truth is a complete defense to defamation."). Because the crux is whether the latter issue — the truth of the Retreat's accusation against plaintiff — was, as the trial court held, "fully litigated and resolved in favor of the Retreat," the applicable doctrine is collateral estoppel, not res judicata.

█ █ ¶ 14. Stepping into the merits, the question is whether the settlement of the Board of Nursing proceeding, as reflected in the Order, meets the criteria for collateral estoppel set forth in *Trepanier*. In *Trepanier*, we held that preclusion should be found when:

> (1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4)

Order, but only based on the outcome of plaintiff's criminal case and unemployment compensation proceeding. Nevertheless, we address the issue of whether the Order precludes plaintiff's defamation claim because it is likely to arise on remand and is purely a question of law. See *Agency of Natural Res. v. Deso*, 2003 VT 36, ¶ 12, 175 Vt. 513, 824 A.2d 558 (mem.) (addressing issue not preserved for appeal because it could arise on remand).

there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

155 Vt. at 265, 583 A.2d at 587. Under the first criterion, "the critical inquiry is whether *the party to be bound* has had a full and fair opportunity to contest an issue resolved in an earlier action so that it is fair and just to refuse to allow that party to relitigate the same issue." *Id.* at 266, 583 A.2d at 588 (emphasis added). Here, this criterion is satisfied because the Retreat seeks to bind plaintiff, who was a party to the Board proceeding.

¶ 15. Under these facts, however, the second criterion, resolution of an issue by final judgment, is not met. Just like indefinite terms cannot bind parties to a contract, an indefinite stipulation, unclear about what it settles, cannot be preclusive. See *Evarts v. Forte*, 135 Vt. 306, 310, 376 A.2d 766, 769 (1977) ("Vagueness, indefiniteness and uncertainty of expression as to any of the essential terms of an agreement have been held to preclude the creation of an enforceable contract."). Assuming, without deciding, that a stipulated administrative judgment could have preclusive effect as argued by the Retreat, it must at least describe the factual and legal issues being resolved with enough specificity so as to precisely identify what those issues are.

¶ 16. In this case, the stipulated Order was too vague to resolve the issue of whether the Retreat's allegedly defamatory statements are true. Pursuant to the Order, plaintiff agreed that the State could prove by a preponderance of the evidence that he "engage[d] in conduct of a character likely to deceive, defraud or harm the public which include[d], but [was] not limited to, diverting supplies, equipment, *or* drugs for personal or other unauthorized use" in violation of 26 V.S.A. § 1582(a)(7).[4] (Emphasis added.) This charge, unlike the Retreat's particular accusations set forth as defamation in plaintiff's complaint, reads in the disjunctive and fails to specify plaintiff's misconduct, so that plaintiff can be understood to admit to preponderant proof of diversion of "supplies" or "equipment" to the public detriment, but not necessarily to diversion of drugs. That plaintiff generally admitted the

---

[4] Reference to § 1582(a)(7) repeats only that the misconduct charged must be of a type "likely to deceive, defraud, or harm the public" without lending any specificity to what the misconduct was.

State could prove misconduct which just possibly included drug diversion does not establish the truth of the Retreat's specific defamatory allegation that plaintiff thrice diverted a regulated drug. In short, for want of specificity, the Order does not establish the truth of the Retreat's supposed allegations and thus does not preclude plaintiff's defamation suit. Accordingly, dismissal of plaintiff's defamation count against the Retreat is reversed, and this matter is remanded for further proceedings consistent with this opinion.[5]

*Reversed and remanded.*

---

[5] Deciding his appeal on this basis, we do not address plaintiff's argument that, given his pro se status, the trial court failed to construe his complaint "to do substantial justice."