21-1549-cv
Grundstein v. Vt. Bd. of Bar Examiners

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty-two.

PRESENT:

> MICHAEL H. PARK,
> EUNICE C. LEE,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

ROBERT GRUNDSTEIN,

*Plaintiff-Appellant*,

v.                                                                21-1549

VERMONT BOARD OF BAR EXAMINERS,
KEITH KASPER, CHAIR,

*Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Robert Grundstein, pro se, Morrisville, VT. |
| **FOR DEFENDANT-APPELLEE:** | David Boyd, Assistant Attorney General, Office of the Vermont State Attorney General, Montpelier, VT. |

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2017, Appellant Robert Grundstein, proceeding pro se, sued the Chief Justice of the Vermont Supreme Court and Keith Kasper, the Chair of the Vermont Board of Bar Examiners ("VBBE"), under 42 U.S.C. § 1983 and state law in the U.S. District Court for the District of Vermont. He alleged that he was improperly denied admission to the Vermont bar. The district court dismissed the complaint on *Younger* abstention grounds because the Vermont Supreme Court was still considering Grundstein's appeal of the admissions decision. Grundstein appealed the district court's ruling and, while the appeal was pending in 2018, the Vermont Supreme Court affirmed the decision not to admit Grundstein. We affirmed the district court's dismissal on the alternative ground that res judicata barred Grundstein's claims. *Grundstein v. Vt. Bd. of Bar Examiners*, 748 F. App'x 425 (2d Cir. 2019).

In 2019, Grundstein applied for admission again. The VBBE denied his application, and the Vermont Supreme Court affirmed the decision. Grundstein sued Kasper and the VBBE under Section 1983 and state law. The district court dismissed the complaint based on res judicata and the *Rooker-Feldman* doctrine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the grant of a motion to dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77,

2

83 (2d Cir. 2005). Similarly, we review de novo the district court's application of res judicata. *See id.* at 93.

**I.      Res Judicata**

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must apply Vermont res judicata law to Vermont state court judgments. *See Hoblock*, 422 F.3d at 93 ("[F]ederal courts [must] accord state judgments the same preclusive effect those judgments would have in the courts of the rendering state . . . ."). In Vermont, "a final judgment in previous litigation bars subsequent litigation if the parties, subject matter, and cause(s) of action in both matters are the same or substantially identical." *Carlson v. Clark*, 970 A.2d 1269, 1272–73 (Vt. 2009) (citation omitted). "The doctrine bars parties from relitigating, not only those claims and issues that were previously litigated, but also those that could have been litigated in a prior action." *Id.* at 1273 (cleaned up). Here, the district court correctly held that Grundstein's two prior Vermont actions precluded the majority of Grundstein's claims below.[1]

First, the parties were the same or substantially identical. "[I]dentity of parties exists where the parties or their privies are involved in both actions." *Pomfret Farms Ltd. P'ship v. Pomfret Assocs.*, 811 A.2d 655, 660 (Vt. 2002). "A privity relationship generally involves a party so identified in interest with the other party that they represent one legal right." *Id.* Grundstein was a litigant in both state cases. Further, although Kasper was not a named party to the state cases, Grundstein challenged orders of the VBBE, of which Kasper is the chair. And Kasper appears to have been sued in his official capacity, so he represents the same legal interest: the

---

[1] The Vermont Supreme Court decisions qualify as "previous litigation." *See Grundstein*, 748 F. App'x at 428.

3

VBBE and its ability to regulate admission to the Vermont bar. *See Grundstein*, 748 F. App'x at 427.

Second, the subject matter and the causes of action were the same or substantially the same. Vermont applies a transactional test to determine if the subject matter and causes of action are the same in both cases. *See Faulkner v. Caledonia Cnty. Fair Ass'n*, 869 A.2d 103, 108–09 (Vt. 2004); *Pomfret Farms*, 811 A.2d at 658–59. The subject matter and causes of action are thus considered to be the same if the operative facts are the same. *See Faulkner*, 869 A.2d at 108–09 ("The facts underlying both cases are inextricably 'related in time, space, origin, or motivation[.]'" (quoting Restatement (Second) of Judgments § 24(2))); *Pomfret Farms*, 811 A.2d at 659 ("[A] claim has a logical relationship to the original claim if it *arises* out of the same aggregate of operative facts as the original claim . . . ." (citation omitted) (alteration in original)).

Here, most of the claims are based on the same operative facts considered by the Vermont Supreme Court, and Grundstein argued the same legal issues before that court. In his 2018 state court challenge to the Character and Fitness Committee's decision, Grundstein argued that "he should be certified for character and fitness on the basis of estoppel or laches" and that the committee's determination was not supported by the evidence. *In re Grundstein*, 183 A.3d 574, 581 (Vt. 2018). He further argued that "Vermont's character and fitness standard is unconstitutionally vague; the character and fitness review process violates the Equal Protection Clause, the Privileges and Immunities Clause, and the Fifth Amendment; and the review was not conducted by an impartial decision maker." *Id.* at 581 n.4. In his second federal complaint, he raised identical issues regarding estoppel and laches, evidence, due process, and other constitutional claims, and he raised his challenges based on the same character and fitness

4

proceedings. In the 2020 Vermont Supreme Court action, Grundstein challenged the VBBE's denial of his application for admission to the bar. Before the Vermont Supreme Court, Grundstein argued that (1) the Vermont Rules of Admission to the Bar ("VRAB") were unenforceable; (2) his application was a continuation of his prior application for admission; (3) his character and fitness should have been evaluated prior to his taking of the bar exam, (4) his 2016 bar scores were sufficient to show his professional competency; (5) the principles of laches, lenity, and estoppel applied; (6) he had a vested property right in his 2016 bar score; and (7) the new bar exam rules violated the Equal Protection and Privileges and Immunities Clauses. *In re Grundstein*, 251 A.3d 30, 36 (Vt. 2020). He raised identical or similar issues arising out of the same set of facts in his second federal complaint.

Grundstein asserts that res judicata was not properly applied because the "subject matter" was never litigated on the merits. He does not specify what subject matter was not litigated. Nevertheless, Vermont law does not require "actual litigation" to apply res judicata. Instead, the doctrine applies if a claim could have been brought in the previous action. *See Lamb v. Geovjian*, 683 A.2d 731, 734 (Vt. 1996) ("The doctrine does not require that claims must have been actually litigated in an earlier proceeding; rather, res judicata bars parties from litigating claims or causes of action that were or should have been raised in previous litigation." (cleaned up)).

Accordingly, we affirm the district court's dismissal of Grundstein's complaint insofar as it attempts to relitigate issues that were or could have been raised in the 2018 and 2020 Vermont Supreme Court cases.

## II. *Rooker-Feldman*

Grundstein's remaining claims are barred by the *Rooker-Feldman* doctrine because they

challenge the process by which the Vermont Supreme Court reached the 2020 decision. This doctrine provides that federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). The doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state-court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Here, Grundstein lost in state court and commenced his action after the Vermont Supreme Court rendered its judgment in November 2020. He complains of injuries caused by the state-court judgment, *i.e.*, that in rendering the judgment, the Vermont Supreme Court violated its own rules and affirmed a hearing that denied Grundstein due process (and denied him admission to the Vermont bar). Finally, Grundstein expressly invites the district court to review and reject the Vermont Supreme Court's judgment by entering an injunction ordering that he be admitted to the Vermont bar.

Grundstein argues that *Rooker-Feldman* does not apply to general challenges to the Vermont rules and procedures and that his lawsuit fits within this exception. This argument is meritless. In *D.C. Ct. of Appeals v. Feldman*, the Supreme Court stated that the *Rooker-Feldman* doctrine did not apply to "general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment in a particular case." 460 U.S. 462, 486 (1983). But that is not the case here. Grundstein specifically sought

6

relief contrary to the 2020 Vermont Supreme Court's decision that would require the district court to review and reject the ruling by admitting him to the Vermont bar. His suit is not a general challenge to Vermont's rules, but a specific challenge to a state-court ruling, and thus falls within the scope of the *Rooker-Feldman* doctrine.

Grundstein also argues that *Rooker-Feldman* applies only to claims that were actually litigated in state court. But we have held that the doctrine applies regardless of whether or not a theory was raised in state court. *See Hoblock*, 422 F.3d at 86 ("Just presenting in federal court a legal theory not raised in state court, however, cannot insulate a federal plaintiff's suit from *Rooker-Feldman* if the federal suit nonetheless complains of injury from a state-court judgment and seeks to have that state-court judgment reversed.").

We have considered all of Grundstein's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7