Filed 08/12/25

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT  05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-1513

| | |
|---|---|
| KEREN SITA,<br>        Plaintiff<br><br>        v.<br><br>MATTHEW SHAGAM, ESQ.,<br>RICHARD CASSIDY, ESQ.,<br>RICH CASSIDY LAW FIRM P.C.<br>        Defendants | DECISION ON MOTION |

## RULING ON DEFENDANTS' MOTION TO DISMISS (Mot. # 2)

Plaintiff Keren Sita brings this action against two attorneys[1] and a law firm who represented her in a previous matter.  She asserts various civil claims, which essentially amount to allegations of legal malpractice.  Notably, this is the third iteration of this lawsuit.  Defendants move to dismiss based on the statute of limitations, res judicata, and insufficient service of process.  Plaintiff has not filed a response to the motion.  For the following reasons, the motion to dismiss is GRANTED.

### Background and Alleged Facts

The following facts are alleged in the Complaint, drawn from documents on which the Court takes judicial notice, or taken from documents upon which the Complaint relies.  *See Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 10 n. 4, 186 Vt. 605 (mem.).  The Court makes no finding as to their accuracy at this stage of the proceedings.  *See Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10, 209 Vt. 514.  The Court does not, however, accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions." *Vitale v. Bellows Falls Union High Sch.*, 2023 VT 15, ¶ 28, 217 Vt. 611 (quotation omitted).  Nor does the Court accept as true "facts" alleged in the Complaint that are blatantly contradicted by documentary evidence upon which the Complaint relies.

Defendants' prior representation of Plaintiff related to sexual harassment and retaliation that she allegedly experienced while an employee at La Quinta, and an alleged sexual assault that she allegedly experienced at the hands of an older man in the Burlington community.  Those matters settled in August of 2018 with a "low value confidential settlement" and nondisclosure agreements.  Plaintiff alleges that Defendants failed to explain to her that she had viable causes of action, that they neither filed a civil lawsuit on her behalf nor advised her of her right to do so,

---

[1] One of the defendants, Richard Cassidy, Esq., passed away on April 21, 2025.

that they framed the nondisclosure agreements as the "best and only" paths forward, and that they failed to represent her zealously.

On June 20, 2024, Plaintiff first sued Attorney Shagam and Rich Cassidy Law Firm related to their prior representation of her. *See* 24-CV-2435. On August 30, 2024, she voluntarily dismissed the case. The Court denied her subsequent attempt to revive the suit because the timeframe for service had passed.

Plaintiff then filed a second action on November 4, 2024 against the same two Defendants. *See* 24-CV-4433. The Court dismissed that action with prejudice based on the statute of limitations, lack of service, and failure to oppose the motion to dismiss. The Court later denied Plaintiff's motion to reconsider.

Plaintiff then filed this action on April 4, 2025 against the same two Defendants plus Attorney Cassidy. Plaintiff's Complaint sets forth 11 claims, which she captions as follows:

(1)   Fraudulent Concealment
(2)   Breach of Fiduciary Duty
(3)   Intentional Infliction of Emotional Distress
(4)   Constructive Fraud
(5)   "Civil Conspiracy to Suppress Legal Claims"
(6)   Unjust Enrichment
(7)   "Legal Battery/Abuse of Legal Power"
(8)   "Professional Misrepresentation"
(9)   "Malicious Legal Representation"
(10) Negligent Supervision
(11) "Declaratory Judgment–Invalidation of NDAs Due to Fraud"[2]

All of these claims arise from Defendants' representation of Plaintiff in the matters that settled in August of 2018.

<u>Discussion</u>

Defendants seek dismissal under Rules 12(b)(5) and (6) of the Vermont Rules of Civil Procedure. They contend that the claims are barred by the statute of limitations and res judicata, and also fail for lack of service of process. In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court considers whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Davis v. Am. Legion, Dep't. of Vt.*, 2014 VT 134, ¶ 12, 198 Vt. 204 (quotation omitted). The burden on plaintiffs under Vermont law is "exceedingly low" at the pleading stage, *Prive v. Vermont Asbestos Group*, 2010 VT 2, ¶ 14, 187 Vt. 280, and thus motions to dismiss for failure to state a claim are "disfavored." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575. "Nonetheless, where the plaintiff does not allege a legally cognizable claim, dismissal is appropriate." *Montague*, 2019 VT 16, ¶ 11.

---

[2] The Court notes that Count 11 would require the involvement of the other parties to those agreements. In any event, the claim fails for other reasons discussed in this ruling.

2

I.    Statute of Limitations

The determination of when a claim accrues for purposes of a limitations statute is often a fact question for the jury, but "it is appropriate for a court to determine the issue when there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party on that issue." *Abajian v. TruexCullins, Inc.*, 2017 VT 74, ¶ 14, 205 Vt. 331 (quotation omitted); *see also Sutton v. Purzycki*, 2022 VT 56, ¶ 80, 217 Vt. 326 ("Raising a statute-of-limitations defense in a motion to dismiss is appropriate and such motion will be granted when 'the face of plaintiff's complaint show[s] his claim to be time-barred.'" (quoting *Fortier v. Byrnes*, 165 Vt. 189, 193, 678 A.2d 890, 892 (1996))).

There are two potentially applicable statutes of limitations here: 12 V.S.A. § 511 (six years), which applies to civil actions generally; and 12 V.S.A. § 512 (three years), which applies to actions to recover for personal injuries. While it can be difficult to determine which limitations statute applies to attorney malpractice actions, *see generally Fitzgerald v. Congleton*, 155 Vt. 283, 287, 583 A.2d 595, 597 (1990), the Court need not make that determination here. Under either statute, all of Plaintiff's claims are time-barred. The matters in which Defendants represented Plaintiff settled in August 2018. Plaintiff did not bring the present claims until more than six years later, in April 2025. Plaintiff did not file any opposition to the instant motion, and therefore she does not explain how these claims did not accrue in August 2018.

II.    Res Judicata

Res judicata, or claim preclusion, "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." *Lamb v. Geovjian*, 165 Vt. 375, 379, 683 A.2d 731, 734 (1996) (citation omitted). The doctrine "does not require that claims must have been actually litigated in an earlier proceeding; rather, res judicata bars parties from litigating claims or causes of action that were or should have been raised in previous litigation." *Id*. at 380 (quotation omitted). The rationale of claim preclusion is to "protect the courts and the parties against the burden of relitigation, encourage reliance on judicial decision, prevent vexatious litigation and decrease the chances of inconsistent adjudication." *Berlin Convalescent Ctr., Inc. v. Stoneman*, 159 Vt. 53, 57, 615 A.2d 141, 144 (1992).

Plaintiff's claims are barred by res judicata. The core factual allegations underlying each claim boil down to legal malpractice regarding Defendants' representation of Plaintiff that ended in 2018. These claims are substantially identical to the claims brought in Plaintiff's earlier lawsuit, which was dismissed with prejudice by the court on statute of limitations grounds. *See Cenlar FSB v. Malenfant*, 2016 VT 93, ¶ 20, 203 Vt. 23 (noting that, for purposes of claim preclusion "[d]ismissal of a claim with prejudice operates as an adjudication on the merits" (quotation omitted)). Moreover, the parties are "substantially identical" because "the parties or their privies are involved in both actions." *Lamb*, 165 Vt. at 380. While Defendant Cassidy was not a party to the prior action, his law firm, Rich Cassidy Law Firm P.C., was. *See id*. ("A privity relationship generally involves a party so identified in interest with the other party that they represent one single legal right." (quotation omitted)); *see also First Wisconsin Mortgage Trust v. Wyman's, Inc.,* 139 Vt. 350, 358-59, 428 A.2d 1119, 1124 (1981) (for purposes of res judicata,

3

test for privity is whether parties have really and substantially same interest in successive proceedings).

### III.     Service of Process

Defendants are alternatively entitled to dismissal under Rule 12(b)(5) for insufficiency of service of process. "When an action is commenced by filing, summons and complaint must be served upon the defendant within 60 days after the filing of the complaint. . . . If service is not timely made or the complaint is not timely filed, the action may be dismissed on motion." V.R.C.P. 3(a). Here, Plaintiff filed her Complaint on April 4, 2025. Thus, service was due on June 3, 2025. To date, Plaintiff has not served any of the three Defendants in this action. Plaintiff filed a notice of the death of Attorney Cassidy on May 20, in which she indicated that "service efforts have been temporarily paused in light of the recent death of Mr. Cassidy." But she never formally requested an extension of time to complete service and, to this date, service has still not been completed more than four months after the Complaint was filed.

### IV.     Failure to Oppose Motion

Moreover, as in her prior lawsuit against Defendants, Plaintiff has not filed an opposition to the motion to dismiss. Her failure to oppose the motion, by itself, is an additional basis for dismissal. *See Pharmacists Mut. Ins. Co. v. Myer*, 2010 VT 10, ¶ 18, 187 Vt. 323 (where party "filed no opposition to the motion to dismiss," his "failure to oppose the motion effectively waived the claims").

### V.     Request for Pre-Filing Injunction

Lastly, Defendants request that the Court issue a prefiling injunction to limit Plaintiff's ability to repeatedly file suits against Defendants. Rule 11(c) authorizes the imposition of sanctions "of a nonmonetary nature," so long as they are "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." V.R.C.P. 11(c)(2). Our Supreme Court uses a five-factor test borrowed from the Second Circuit to decide whether a prefiling injunction is an appropriate sanction:

> "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."

*Fox v. Fox*, 2022 VT 27, ¶ 35, 216 Vt. 460 (quoting *Zorn v. Smith*, 2011 VT 10, ¶ 18, 189 Vt. 219); *see also Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). "The ultimate question is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the

4

judicial process and harass other parties." *Zorn*, 2011 VT 10, ¶ 18 (quotation omitted). Such filing restrictions against pro se plaintiffs "should be approached with particular caution." *Id.* ¶ 23.

Applying the five-factor test here, the Court concludes that such a sanction is not warranted at this point. While Plaintiff's legal claims are out of time and procedurally barred, the Court finds that her litigation conduct has not yet reached the level found in other cases to support a prefiling injunction. *See, e.g.*, *Zorn*, 2011 VT 10, ¶ 19 ("a pattern of chronic vexatious, baseless, and frivolous filings"); *Fox*, 2022 VT 27, ¶ 37 (party "was engaging in an escalating pattern of vexatious litigation and abusive behavior"). **However, Plaintiff is warned that any future lawsuits brought against any of these same Defendants related to their prior representation of her in 2018 will likely result in appropriate sanctions, including but not limited to a prefiling injunction and an order to pay Defendants' attorney's fees.**

Order

Defendants' motion to dismiss (Mot. # 2) is GRANTED. This action is DISMISSED WITH PREJUDICE. Defendants' request for a prefiling injunction is DENIED.

Electronically signed on August 11, 2025 at 4:52 PM pursuant to V.R.E.F. 9(d).

Megan J. Shafritz
Superior Court Judge